Joseph W. Rose, State Bar No. 232261
    joe@joeroselaw.com
Mehran Tahoori, State Bar No. 283313
    mehran@joeroselaw.com
ROSE LAW, APC
11335 Gold Express Drive, Suite 135
Gold River, California 95670
Telephone:   (916) 273-1260
Facsimile:    (916) 290-0148
Email:         legalteam@joeroselaw.com

Attorneys for Plaintiffs
KIM ROUSH, SHEILA EMMERLING, and
CINDY HENDERSON, individually and on
behalf of all other similarly situated

Howard A. Sagaser, State Bar No. 72492
Ian B. Wieland, State Bar No. 285721
David G. Litman, State Bar No. 285768
**SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
Fresno, CA 93704
Telephone:   (559) 421-7000
Facsimile:    (559) 473-1483

Attorneys for Defendants
MSI INVENTORY SERVICE CORPORATION,
I-FRAN, INC. JAMES O' MCCLAIN, AND
SANDRA B. MCCLAIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ROUSH, SHEILA EMMERLING, and CINDY HENDERSON, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MSI INVENTORY SERVICE CORPORATION, I-FRAN, INC., JAMES O. MCCLAIN, SANDRA B. MCCLAIN, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:17−CV−01010−JAM−KJN<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**<br><br>ACTION FILED: May 13, 2017<br>JUDGE: Hon. John A. Mendez |

Subject to the further Order of this Court, and any modification which may be hereafter made in this Order upon request and cause shown by any of the parties hereto; and all parties having stipulated and agreed to the provisions of this Order and to the entry of this Order, it is hereby ordered that:

1. Any party or non-party may designate, where a reasonable basis for confidentiality exists, (a) any document produced or to be produced by her/him/it, (b) any testimony or portion thereof and (c) any answer to an interrogatory in connection with this litigation as "Confidential" by a marking on the document, transcript or interrogatory answer itself. Additionally, a party may designate in writing, within thirty (30) days after receipt of said document, testimony, interrogatory answer, or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as confidential. The foregoing document(s), testimony or portion thereof, and interrogatory answer, and/or any information contained therein, so designated are hereinafter collectively referred to as the "Confidential Information."

2. The designation of Confidential Information shall be made by placing or affixing thereon (in such manner as will not interfere with the legibility thereof) the following notice: "CONFIDENTIAL". Any document or page containing such notice, and the information contained on such document or page, shall be Confidential Information unless the party or non-party producing such document or page shall clearly indicate thereon that only a portion of the document or page is to be treated as confidential.

3. Any Confidential Information shall be received in confidence and kept secret by the undersigned attorneys, and except as hereinafter provided, any such Confidential Information shall not be disclosed to any person other than the undersigned attorneys, their office associates, paralegals, and legal support staff employees of such attorneys who may be assigned to this action, and then disclosed to and used by them only for the prosecution or defense of this action.

4. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) calendar days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

5. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

6. Subject to the provisions of the following ordered paragraphs hereof, disclosure of the Confidential Information may be made by such attorneys, if necessary to the prosecution or defense of this action, to a party, officers, or employees of a party or to agents, expert consultants or others retained by a party specifically to assist in the prosecution or the defense of this action or to witnesses during depositions or at trial. In the event that any such document or information is so disclosed, the attorneys for such parties shall provide each such person with a copy of this Order and shall obtain acknowledgment from him or her in writing that he or she has received a copy of this Order and is familiar with the provisions thereof. All such persons shall be bound thereby, shall not use the Confidential Information for any purpose other than in connection with the prosecution or defense of this action, and shall not reveal the Confidential Information to any person.

7. Prior to making any disclosure of any Confidential Information (other than disclosure at any deposition or in any affidavit, brief or other paper filed in this action) to anyone other than the party, non-party who produced the Confidential Information, officers or directors of the parties and their employees, written notice shall be given to the attorneys for all parties and to all non-parties who produced any Confidential Information, by the attorneys proposing to make such disclosure. Such notice shall be given at least ten (10) business days prior to such proposed disclosure of such Confidential Information, such period to be measured from and to include the date of mailing thereof,

and include (i) the name of each person to whom it is proposed to make such disclosure and (ii) a description of each such person, principal business affiliation and responsibilities. Upon receipt from the other parties, non-parties, or from their attorneys of the written objection to any disclosure proposed to be made pursuant to the preceding subparagraph of this ordering paragraph, the party proposing to make the disclosure of Confidential Information shall postpone such disclosure for at least five (5) business days, such period to be measured from and to include the date of mailing such objection, and, if a motion for a protective order is filed within that time, make no disclosure prior to a final resolution of that motion by this Court.

8. No party or non-party shall file or submit for filing as part of the Court record any documents under seal without court approval as provided under Federal Rules of Civil Procedure, Rule 5.2.

9. After the final termination of this action, the provisions hereof relating to the secrecy and confidential nature of the Confidential Information shall continue to be binding on all parties herein and the aforesaid officers, and employees, agents or others, and witnesses.

10. At the conclusion of the trial and/or appeal or other final termination of this action, all Confidential Information produced pursuant to Order (and all copies of such documents) shall be returned to the producing party or destroyed, and all summaries thereof or other documents containing or reflecting such Confidential Information, testimony or interrogatory answers or related information shall be destroyed. Return or destruction of Confidential Information shall occur within thirty (30) days following the conclusion of the trial and/or appeal or other final termination of this action.

11. This Court shall retain jurisdiction as to any application for modification or enforcement of the provisions of this Order which jurisdiction shall continue, with respect to the provisions of this Order, after final disposition of this action.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective

counsel or by oral advice at the time of any deposition or similar proceeding.

///

///

**IT IS SO STIPULATED**

Dated: May 22, 2018          ROSE LAW, A PROF. CORP.


By: */s/ Joseph W. Rose*
          Joseph W. Rose
Attorneys for Plaintiffs
KIM ROUSH, SHEILA EMMERLING, and
CINDY HENDERSON, individually and on
behalf of all other similarly situated

Dated: May 22, 2018          SAGASER, WATKINS & WIELAND, PC


By: */s/ Ian B. Wieland*
          Ian B. Wieland
Attorney for Defendants
MSI INVENTORY SERVICE CORPORATION,
I-FRAN, INC. JAMES O' MCCLAIN, AND
SANDRA B. MCCLAIN

**IT IS SO ORDERED**

Dated: 5/22/2018          /s/ John A. Mendez
          U.S. District Court Judge

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670