UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ROUSH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MSI INVENTORY SERVICE CORP., et al.,<br><br>Defendants. | No. 2:17-cv-1010-JAM-KJN<br><br>**ORDER GRANTING IN PART INDIVIDUAL DEFENDANTS JAMES O. MCLAIN AND SANDRA B. MCCLAIN'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Kim Roush, Sheila Emmerling, and Cindy Henderson (collectively "Plaintiffs") filed this putative class action against their employers MSI Inventory Service Corporation, I-Fran, Inc., James O. McClain, and Sandra B. McClain (collectively "Defendants") alleging various wage and labor law violations.[1] James O. McClain and Sandra B. McClain (the "McClains") seek dismissal, or judgment on the pleadings, of Plaintiffs' Complaint against them. For the reasons set forth below, the McClains' motion is granted in part, with leave to amend.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 10, 2018.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following facts are taken as true for purposes of this motion:

Plaintiffs are current or former employees who have worked for Defendants within the last four years. First Amended Complaint ("FAC"), ECF No. 5, ¶ 7. Their job is to count product inventory in retail stores within the State of California by traveling to store locations and manually capturing the stock keeping unit number for each item of physical inventory. FAC ¶¶ 7, 13. They claim that they were not properly paid for time spent reporting to local company offices, loading equipment into vehicles used to travel to the retail stores, and traveling to those retail stores. FAC ¶ 14. They further claim that Defendants' time-keeping system resulted in unlawful deductions of employee work hours. FAC ¶ 15. Specifically, Defendants "record their employees' work hours in finite increments of minutes during periods in which the scanners [(the tool employees use to scan barcodes or enter stock keeping unit numbers of products being counted)] transmitted electronic signals to the host computer." FAC ¶ 15. Under this system, employees are not compensated for time during which the scanners are left idle or malfunction but the employees continue to perform work or are otherwise engaged to wait. FAC ¶ 15. These systems have resulted in long workdays of 10 to 13 hours of labor but only 4 to 6 hours of actual pay. FAC ¶ 16.

Plaintiffs claim that all four named defendants violated their rights under the Fair Labor Standards Act, the California

Labor Code, and California's Unfair Competition Law.  Defendants MSI Inventory Service Corporation and I-Fran, Inc., (collectively "Corporate Defendants") are corporations headquartered in Mississippi. FAC ¶¶ 3, 4.  Defendant James O. McClain is the President and Director of Defendant MSI and the President, Treasurer, and Director of Defendant I-Fran.  FAC ¶ 5.  Defendant Sandra B. McClain is the Secretary and Director of Defendant MSI, and is the Vice President, Secretary, and Director of Defendant I-Fran.  FAC ¶ 6.  Due to their respective roles, Plaintiffs allege that the McClains are each an "owner, director, officer, managing agent, or 'other person acting on behalf of' the Defendant Employers within the meaning of Labor Code section 558.1."  FAC ¶¶ 5, 6.

Plaintiffs filed their Complaint against all Defendants on May 13, 2017, ECF No. 1, and filed their First Amended Complaint on August 8, 2017, adding a claim under the Private Attorney General Act, ECF No. 5.  The McClains filed their Motion to Dismiss and/or for Judgment on the Pleadings in February of 2018, but, due to notice deficiencies, the motion was not set to be heard until July 10, 2018.  ECF Nos. 10, 11, 12, 14, & 16.

II.  OPINION

A.  Legal Standard

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  After an answer has been filed, a defendant may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the same basis.  Aldabe v.

Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) ("We believe the best approach is . . . treating the motion to dismiss as a motion for judgment on the pleadings. . . . Rule 12(h)(2) should be read as allowing a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed."). "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). As with a motion to dismiss, a district court granting a Rule 12(c) motion based on the plaintiff's failure to state a claim should grant leave to amend where appropriate. Jackson v. Barnes, 749 F.3d 755, 767 (9th Cir. 2014) (district court erred in granting judgment on the pleadings and not permitting plaintiff an opportunity to amend his complaint where it was not "absolutely clear" that he could not cure its deficiencies by amendment).

Defendants filed their Answer to the First Amended Complaint on September 5, 2017. ECF No. 6. The Court issued its Status (Pre-Trial Scheduling) Order on January 1, 2018. ECF No. 9. Given this background, the Court treats the McClains' motion as one for judgment on the pleadings. As outlined above, the standard of review is identical to a motion to dismiss for failure to state a claim and leave to amend should be granted unless it is clear Plaintiffs will be unable to cure any identified deficiencies.

B. Analysis

1. State Law Claims

In 2016, a new law took effect that changes the terms of

4

individual liability for California Labor Code violations.

California Labor Code section 558.1 reads as follows:

> (a) Any <u>employer or other person acting on behalf of an employer</u>, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term <u>"other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer</u>, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
>
> (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code § 558.1 (emphasis added) ("section 558.1"). Plaintiffs' Labor Code claims against the McClains are premised on this new Labor Code section.

The McClains argue that Plaintiffs have failed to state a claim against them. First, they argue that they cannot be held personally liable for Plaintiffs' wage and hour claims because Plaintiff has not sufficiently pled that either of them employed Plaintiffs. Mot. at 5-7. Second, they argue Plaintiffs failed to sufficiently allege that they are alter egos of the Corporate Defendants. Mot. at 8-9. Third, they argue section 558.1 does not apply to them because it did not exist when the alleged Labor Code violations began. Mot. at 9-11. Fourth, they argue section 558.1 should not be interpreted in a manner that interferes with long-standing corporate protections. Mot. at 11-13. The Court addresses each argument in turn.[2]

---

[2] The Court declines the McClains' invitation to hold the law "invalid, unlawful, and unconstitutional on the basis that it directly clashes with the various, long-standing protections that

5

The text of Labor Code section 558.1 disposes of the McClains' argument that Plaintiffs' claims fail because Plaintiffs did not allege that the McClains are "employers." Because section 558.1 expands liability beyond just "employers" to include "other persons acting on behalf of the employer," "employer" allegations are no longer necessary. Accordingly, the McClains' cited authority defining "employer" is inapposite. See Mot. at 5-7 (discussing Cordell). The district court's analysis in Cordell involved the question of whether an owner of a company could be held liable as an "employer" under the Labor Code. See Cordell v. PICC Lines Plus LLC, No. 16-CV-01814-TEH, 2016 WL 4702654 (N.D. Cal. Sept. 8, 2016). It found that an owner is to be treated similarly to a corporate agent and cannot be held individually liable for a violation of Labor Code section 203. Id. at *9. However, the Cordell court specifically noted that section 558.1 entered into effect after the alleged violations in that case took place and did not apply to Cordell's (plaintiff's) claims. Id. at *8 n.3. Now, section 558.1 expands liability to those acting on behalf of an employer, including "a natural person who is an owner, director, officer, or managing agent of the employer." Thus, authority limiting liability for Labor Code violations to "employers" has been superseded insofar as it conflicts with the newly enacted law.

Similarly, the Court is not persuaded that the absence of alter ego allegations defeats liability here. Again, the new

---

have been afforded to corporate shareholders, officers[,] and directors for decades" because the McClains cite no legal authority for this proposition. See Mot. at 13.

6

statute expressly expands liability to include owners of an employer when those owners have violated the enumerated sections of the Labor Code. In the McClains' only cited case supporting their theory that alter ego allegations need to be asserted to establish liability, the California Appellate Court—like the district court in Cordell—specifically noted that section 558.1 went into force after the events at issue in that case. See Terrazaz v. Unlimited Baking Ingredients, No. B278856, 2017 WL 6398191, at *5 n.10 (Cal. App. Dec. 15, 2017) (unpublished). Thus Terrazaz—which is an unpublished California Appellate decision—offers no insight into the relationship between section 558.1 and the alter ego doctrine.

The Court agrees that the McClains cannot be held liable for violations that occurred before January 1, 2016. See Mot. at 9-11. Plaintiffs do not appear to dispute this point. See Opp'n at 7. In California, "[a] statute is presumed to operate prospectively unless there is 'an express declaration of retrospectivity or a clear indication' that the Legislature intended otherwise." Preston v. State Bd. of Equalization, 25 Cal. 4th 197, 228 (2001) (quoting Tapia v. Super. Ct., 53 Cal. 3d 282, 287 (1991)). Plaintiffs have not pointed to any express declaration or clear indication from the State Legislature that it intended section 558.1 to operate retrospectively. Therefore, the Court grants the McClains' motion for judgment on the pleadings with prejudice insofar as Plaintiffs' state law claims against them encompass violations occurring before January 1, 2016.

As for the proper interpretation of the new law, the Court

finds that section 558.8 does not enable courts to, in effect, pierce the corporate veil to hold corporate owners, shareholders, or other officers liable for wrongdoing committed by the employer corporation.³ Instead, the law makes these individuals (owners, directors, officers, or managing agents) liable for their own violations of the enumerated state laws or for causing such violation. Accordingly, Plaintiffs cannot recover against the McClains by virtue of their position as officers and directors of the corporate defendants alone. Rather, the McClains may only be held liable under the statute if they themselves acted to violate or cause the violation of California's labor laws.

The Court finds Plaintiffs' allegations insufficient to state a claim against the McClains. Plaintiffs only allege that the McClains are officers and directors of the Corporate Defendants. They do not allege what specific actions the McClains took in their individual capacity to violate Plaintiffs' labor rights or to cause such violation. See Mot. at 7. While it may be acceptable to group all four Defendants together with respect to some allegations, conclusory allegations that do not specify the McClains' role in the alleged wrongdoing do not suffice. For this reason, the McClains' motion is granted with respect to the state law claims asserted against them. Plaintiffs are permitted leave to amend the allegations against the McClains, only.

---

³ As of the date of this Order, it appears that no California Appellate Court has been called upon to interpret Labor Code section 558.1 or to address the arguments presented in this motion.

8

2.  <u>Federal Claim</u>

    As Plaintiffs point out, "[t]he McClains make no challenge to their personal liability for FLSA violations as corporate officers of [Corporate Defendants]." Opp'n at 4.  Indeed, in their moving papers, the McClains only argue that the allegations are insufficient to establish their status as "employers" as defined under California law.  <u>See</u> Mot. at 6-7. They did not argue that Plaintiffs failed to state a claim under FLSA, set forth any legal standards under FLSA, or cite any court authority interpreting FLSA.  The Court declines to grant the McClains' motion on a claim that the McClains failed to address in their moving papers.

                        III.  ORDER

    For the reasons set forth above, the Court GRANTS the McClains' Motion for Judgment on the Pleadings with respect to the state law claims, with prejudice as to violations alleged to have occurred prior to January 1, 2016, and with leave to amend those allegations against the McClains as to violations alleged to have occurred on and after January 1, 2016.  The Court DENIES the McClains' Motion for Judgment on the Pleadings as to Plaintiffs' Fair Labor Standards' Act claim. Plaintiffs shall file their amended complaint within twenty days of the date of this Order and the McClains shall file their responsive pleading within twenty days thereafter.

    On May 15, 2017, this court issued its Order re Filing Requirements.  ECF No. 4-2.  The Order limits memoranda of law in support of and in opposition to motions, including those made

under Federal Rule of Civil Procedure 12, to fifteen pages and reply memoranda to five pages. It further states: "A violation of this Order will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page and the Court will not consider any arguments made past the page limit." Order re Filing Requirements at 1. The McClains' Reply is eight pages long. The Court has not considered any arguments made after page five of the Reply. Counsel for the McClains is ordered to pay $150.00 in sanctions to the Clerk of the Court within five days of the date of this Order.

IT IS SO ORDERED.

Dated: July 30, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE