Joseph W. Rose, State Bar No. 232261
    joe@joeroselaw.com
Mehran Tahoori, State Bar No. 283313
    mehran@joeroselaw.com
**ROSE LAW, APC**
11335 Gold Express Drive, Suite 135
Gold River, California 95670
Telephone:    (916) 273-1260
Facsimile:    (916) 290-0148
Email:        legalteam@joeroselaw.com

Attorneys for Plaintiffs
KIM ROUSH, SHEILA EMMERLING, and
CINDY HENDERSON, individually and on
behalf of all other similarly situated

Howard A. Sagaser, State Bar No. 72492
Ian B. Wieland, State Bar No. 285721
David G. Litman, State Bar No. 285768
**SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
Fresno, CA 93704
Telephone:    (559) 421-7000
Facsimile:    (559) 473-1483

Attorneys for Defendants
MSI INVENTORY SERVICE CORPORATION,
I-FRAN, INC. JAMES O' MCCLAIN, AND
SANDRA B. MCCLAIN

<div align="center">

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| KIM ROUSH, SHEILA EMMERLING, and CINDY HENDERSON, individually and on behalf of all other similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>MSI INVENTORY SERVICE CORPORATION, I-FRAN, INC., JAMES O. MCCLAIN, SANDRA B. MCCLAIN, and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No. 2:17–CV–01010–JAM–KJN<br><br>**JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER**<br><br>ACTION FILED:  May 13, 2017<br>JUDGE:  Hon. John A. Mendez |

Plaintiffs and Defendants (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

<div align="center">

I.

**RECITALS**

</div>

Plaintiffs Kim Roush, Sheila Emmerling, and Cindy Henderson ("Plaintiffs") filed a class action complaint on May 13, 2017, against Defendants alleging a labor and pay dispute under the Fair Labor

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

1

1 Standards Act ("FLSA," 29 U.S.C. § 201) and the California Labor Code. Plaintiffs challenged the
2 legality of Defendants' timekeeping and payroll practices alleging Plaintiffs and other similarly situated
3 employees were not paid for all hours worked. Plaintiffs sought relief for themselves and approximately
4 179 other California workers from May 13, 2013, through the present day. Plaintiffs exhausted
5 administrative preconditions with the California Labor and Workforce Development Agency ("LWDA")
6 to bring the action under the Labor Code Private Attorneys General Act, Labor Code section 2699 et seq.
7 ("PAGA"). The average hourly wage of the affected workers was $10.06. Due to loss of a major account,
8 Defendants ceased operations in California in or about May 2017, laying off all remaining California
9 hourly workers.

10       Plaintiffs filed a First Amended Complaint on August 8, 2017 ("FAC"). Defendants answered the
11 FAC. Defendants James O' McClain and Sandra B. McClain moved to dismiss the FAC, which the Court
12 treated as a judgment on the pleadings. The Court granted in part and denied in part Defendants James
13 O. McClain's and Sandra B. McClain's motion with leave to amend.

14       Plaintiffs filed a Second Amended Complaint on August 18, 2018, which Defendants answered.
15       The parties engaged in discovery which included exchange of documents, preparation of and
16 responses to request for production of documents, interrogatories and depositions.

17       Plaintiffs and Defendants participated in arms-length, all-day, private mediation on December 12,
18 2018, presided over by respected employment law class action mediator Jeffrey Ross in Oakland,
19 California. During mediation, Plaintiffs reviewed confidential tax returns and financial information of
20 Defendants to evaluate Defendants' financial condition and ability to pay. At mediation, the Parties
21 agreed to a Memorandum of Settlement, the terms of which are incorporated into this Stipulation. Subject
22 to approval of the Court, this Stipulation settles this action in the manner and upon the terms set forth
23 below and fully resolves the dispute.

24       Through this Stipulation, the Parties now ask the Court for preliminary approval of the
25 settlement, certification of the class for settlement purposes only, approval of the notice of class action
26 settlement to class members, and appointment of the settlement administrator.

27       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the
28 Parties as follows:

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

## DEFINITIONS

1.    "Administrator" means Phoenix Settlement Administrators, to be appointed by the Court to provide notice to the members of the class and to review and determine the validity and value of claims submitted by Settlement Class Members ("Class Members"), according to the procedures set forth herein.

2.    The "Bar Date" is the date established by the Court by which any potential Class Member who wishes to receive payment pursuant to this Stipulation and the attached MOU must file his/her Claim Form(s), or must file objections to this Stipulation, or must request to be excluded from the class (opt-out). The Parties propose the Bar Date be sixty (60) calendar days from the postmark date of First-Class postage-prepaid mailing by the Administrator of the settlement notice to the Class Members.

3.    "The "Claim Form" is the form required to be used to make a claim for payment under this settlement. A copy of the proposed Claim Form is attached as **Exhibit 1** (at the bottom of page 5 of the Class Notice"). The Claim Form contains variable merge fields that will be pre-populated by the Settlement Admnistrator before mailing using payroll data supplied by Defendants in Excel or other agreed-upon electronic format.

4.    "Class Counsel" means Rose Law, A Professional Corporation, Joseph W. Rose, attorney, 11335 Gold Express Drive, Suite 135, Gold River, California, 95670.

5.    "Class Notice" means the 5-page Notice of Class Action Settlement in the form attached hereto as **Exhibit 1** (which includes the Claim Form at the bottom of page 5). The Class Notice contains variable merge fields that will be pre-populated by the Settlement Admnistrator before mailing using payroll data supplied by Defendants within thirty (30) calendar days after preliminary approval of the settlement by the Court.

6.    The "Class Period" is May 13, 2013, through the date of preliminary approval of the settlement by the Court.

7.    The "Effective Date" means the later of the time when: either (i) the Judgment of the Court granting final approval of the settlement is final and no longer subject to appeal, if there are objections, or (ii) 30 days after Notice is provided by Plaintiff to Defendant that the Court entered the

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

2:17-CV-0101
0-JAM-KJN

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

3

1  order on final approval of the settlement, if there are no objections. (*See* Ex. 1, page 3, ¶ 18.)

2       8.     The "Gross Settlement Amount" is One-Hundred Sixty-Eight Thousand Three Hundred

3  Dollars ($168,300), which is non-reversionary, and does not include the Defendants' share of payroll

4  taxes allocated to the wage portion of the individual dettlement payments to be paid separately to the

5  taxing authorities as described in **Paragraphs 40** and **41** below.

6       9.     The "Net Settlement Fund" is the Gross Settlement Amount minus Court-approved: (a)

7  costs of settlement administration performed by the Administrator; (b) enhancement payments to

8  Plaintiffs; (c) payment to the LWDA for PAGA penalties; (d) attorney's fees Class Counsel; and (d)

9  costs reimbursement to Class Counsel.

10       10.    An "Opt-Out" is any potential Class Member who files a timely request for exclusion as

11  specified in **Section VII**.

12       11.    "Rescission Date" is the date established by the Court by which any Class Member who

13  requests to be excluded from the class (opt-out) may thereafter rescind his or her request to be excluded

14  by giving written notice of rescission to the Administrator. The Parties propose the Rescission Date be

15  fifteen (15) calendar days prior to the Bar Date.

16       12.    "Released Parties" means Defendants MSI Inventory Service Corporation, I-Fran, Inc.,

17  James O. McClain, Sandra B. McClain, their affiliates and their respective officers, directors,

18  employees, agents and attorneys.

19       13.    "Settlement Class Members" and/or the "Settlement Class" mean(s) all non-exempt

20  hourly workers employed by Defendants in California at any time during the Class Period. Settlement

21  Class Members will not include any person who previously settled or released all of the claims covered

22  by this settlement.

23       14.    "Verified Settlement Class Member" means a Settlement Class Member who: i) has not

24  requested to be excluded by the Bar Date (or who requested to be excluded but thereafter submitted a

25  timely rescission of the request for exclusion by the Rescission Date); and ii) has submitted a timely

26  Claim Form with the Administrator by the Bar Date.

27  ///

28  ///

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

4

1    15.    "Workweek Payment" means the Net Settlement Fund divided by the total number of
2    workweeks worked by all Verified Settlement Class Members during the Class Period, expressed as a
3    dollar amount.

### III.

### TERMS AND EFFECT OF STIPULATION

6    16.    This Stipulation is for settlement purposes only, and neither the fact of, nor any provision
7    contained in this Stipulation of Settlement or its exhibits, nor any action taken hereunder shall constitute,
8    be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact
9    alleged by Plaintiffs or Settlement Class Members in this action or in any other pending action or of any
10   wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by
11   Defendants of any claim or allegation made in this action or in any other action, nor as an admission by
12   any of the Plaintiffs, Class Members, or Class Counsel of the validity of any fact or defense asserted
13   against them in this action or in any other action. Defendants deny all allegations of wrongdoing and
14   deny any liability to Plaintiffs or to any other Class Members. The Parties have agreed that, in order to
15   avoid long and costly litigation, this controversy should be settled pursuant to the terms of this
16   settlement, subject to the approval of the Court.

17   17.    After the Effective Date and on the condition subsequent all installment settlement
18   payments are timely made, the Parties will submit all appropriate papers to dismiss with prejudice Case
19   No. 2:17–CV–01010–JAM–KJN, in the United States District Court for the Eastern District of
20   California.

21   18.    The Parties agree, solely for the purpose of this settlement and implementation, that the
22   within action shall proceed as a class action, with the Settlement Class as defined in **Paragraph 13**, and
23   that attorneys for the class are Class Counsel as defined in **Paragraph 4**; but if such settlement fails to
24   be approved or otherwise fails to be consummated, then this Stipulation is hereby withdrawn. The
25   settlement shall be subject to the Court granting preliminary and final approval, and if the Court fails to
26   grant either preliminary or final approval, the Parties shall be restored to their positions at the time of
27   the execution of this memorandum, with the exception that if any settlement administration costs are
28   due and payable, the Parties agree to split those costs.

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

2:17–CV–0101
0–JAM–KJN

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

5

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

19.     Verified Settlement Class Members who comply with the requirements set forth in this Stipulation will be paid specified sums determined by the procedures set forth herein in full satisfaction of all claims.

20.     This Stipulation, as of the Effective Date, resolves in full all claims against the Released Parties by all of the Settlement Class Members, including the named Plaintiffs Kim Roush, Sheila Emmerling, and Cindy Henderson, for any acts that are either alleged in Case No. 2:17−CV−01010−JAM−KJN or could have been alleged in Case No. 2:17−CV−01010−JAM−KJN based on the facts set forth in the operative complaint(s), including, without limitation, any claims for damages, owed reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive relief, declaratory relief; charge backs, or liquidated damages during the Class Period and all claims, debts, rights, demands, charges, complaints, actions, causes of action, guarantees, costs, expenses, attorneys' fees, damages, obligations or liabilities of any and every kind, contingent or accrued, arising out of or related to the allegations asserted in Case No. 2:17−CV−01010−JAM−KJN, through and including the preliminary approval date, including but not limited to claims under the California Labor Code, the Fair Labor Standards Act, and their respective implementing regulations. When this Stipulation is final, as of the Effective Date and on the condition all installment settlement payments are made, all Settlement Class Members, including the named Plaintiffs, hereby release all such claims.

21.     The Parties agree that the Court, by preliminarily approving this Stipulation, will be certifying the class as defined in **Paragraph 13**, as the Settlement Class, subject to final approval of the settlement at a fairness hearing and that the Court shall retain exclusive and continuing jurisdiction of the action, Parties, Settlement Class members, and the Administrator to interpret and enforce the terms, conditions and obligations under this agreement.

22.     This is a full and final Release applying to all unknown and unanticipated claims or damages arising out of the events described in **Paragraph 20** as well as those now known or disclosed, the named Plaintiffs and each Settlement Class Member waives all rights or benefits which he or she now has or in the future may have under the terms of California Civil Code section 1542, which reads:

2:17−CV−0101
0−JAM−KJN

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

6

> **"A general release does not extend to claims which the creditor or releasing party does not know or suspect to exists in his or her favor at the time of executing the release, which if known by him or her would have materially effected his or her settlement with the debtor or released party."**

23.     As of the Effective Date and on the condition all installment settlement payments are made on time and in full, the Settlement Class Members, including the named Plaintiffs, hereby waive any and all rights to pursue, initiate, prosecute, or commence any action or proceeding before any court, administrative agency or other tribunal, or to file any complaint with regard to acts or commission or omission by the Released Persons respecting such Settlement Class Members with respect to any claim for non-payment of wages, interest, and/or penalties by Defendants during their employment during the Class Period.

24.     This Stipulation contains all the terms and conditions agreed upon by the Parties hereto regarding the subject matter of the instant proceeding, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, except as expressly provided herein.

25.     Each Settlement Class member shall be deemed to have submitted to the jurisdiction of the Court. Any Settlement Class member who does not timely submit a Claim Form shall be deemed to have fully and finally released all claims that were set forth, or could have been set forth based on the facts alleged, in the operative complaint.

26.     No Opt-Out shall share in any monetary benefits provided by this Stipulation. Plaintiffs agree not to object to or opt out of the settlement. The Parties agree not to encourage any Class Members to object to or opt out of the settlement.

27.     The Parties' agreement is subject to and conditioned upon the final approval of this Stipulation and the issuance of the final order and judgment of dismissal, by the United States District Court, Eastern District of California, providing the below specified relief, which relief shall be pursuant to the terms and conditions of this Stipulation and the Parties' performance of their continuing rights

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

7

and obligations hereunder. The order and judgment will be deemed final only upon expiration of the time to appeal, or, if a Notice of Appeal is filed, upon exhaustion of all appeals and petitions for writs of certiorari. Such final order and judgment shall:

      a.      Dismiss with prejudice all complaints in the actions as to the Released Parties;

      b.      Order that all Settlement Class Members are enjoined from asserting against any Released Party, any and all claims which the Settlement Class Members have, had, or may have in the future arising out of the facts alleged in Case No. 2:17−CV−01010−JAM−KJN;

      c.      Release each Released Party from the claims which Plaintiffs and any Settlement Class Member has, had or may have in the future, against such Released Party arising out of the facts alleged in the related complaints;

      d.      Determine that this Stipulation is entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Class; and

      e.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Stipulation, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce the Stipulation in accordance with the terms for the mutual benefit of all the Parties.

28.     The Parties will take all necessary and appropriate steps to obtain preliminary approval of this Stipulation, final approval of the settlement, and dismissal of 2:17−CV−01010−JAM−KJN with prejudice. If the Court finally approves this Stipulation, and if there is an appeal from such decision, the Defendants will actively cooperate with Plaintiffs in joint efforts to defend the Stipulation.

29.     The Parties, to the greatest extent possible, are obligated to work together jointly using their best efforts to do all things necessary to effectuate the settlement, and each term therein. Unless otherwise agreed by the Parties, this joint obligation includes, but is not limited to, fully documenting the settlement, expeditiously completing or filing any other required documents or pleadings, arguing that the terms and conditions agreed upon should be enforced fully, commencing any required action ( either in court or in arbitration), jointly appealing and/or otherwise exhausting judicial review of any adverse ruling, etc.

30.     Should the settlement, or any terms therein, be modified, vacated, altered, or become

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

8

otherwise subject to challenge by law, including, but not limited to, any law that became effective after the execution of this Stipulation, so that this agreement is not approved by the Court in its entirety and therefore the intent of the parties cannot be accomplished after jointly taken efforts to enforce it have been exhausted, Defendant shall have the option to revoke the settlement agreement at their sole discretion.

## IV.

## RESOLUTION AND PAYMENT OF CLAIMS FOR DAMAGES

31.    The Parties have agreed to a Gross Settlement of One-Hundred Sixty-Eight Thousand Three Hundred Dollars ($168,300), in three separate installments over nineteen (19) months. This amount is now subject to the further terms and conditions set forth in this Stipulation.

32.    The Gross Settlement Amount shall be paid by Defendants as follows: i) Defendants shall make the initial payment of Sixty-Eight Thousand Three Hundred Dollars ($68,300.00) of the Gross Settlement Amount within thirty (30) calendar days after receiving final approval of the settlement from the Court; ii) Defendants shall make the second payment of Fifty Thousand Dollars ($50,000) no later than nine (9) months after the first payment has been made; and iii) Defendants shall make the third and final payment Fifty Thousand Dollars ($50,000) no later than nine (9) months after the second payment has been made.

33.    Class Counsel and the Settlement Class Members, by and through Plaintiffs, have determined that the following distribution of the agreed settlement is appropriate, in which determination the Released Parties acquiesce: Subject to the Court's order granting final approval of class action settlement including Class Counsel's application for attorneys' fees and costs, the Gross Settlement Amount shall be distributed in two installments, one in 2019 and one in 2020, as follows:

a.    $7,500 (Seven Thousand Five Hundred Dollars) will be allocated to the California Labor and Workforce Development Agency (LWDA) as civil penalties under the PAGA;

b.    $8,300 (Eight Thousand Three Hundred Dollars) will be allocated to Class Counsel as reimbursement for costs;

c.    Twenty-five percent (25%) of the Gross Settlement Amount after deduction for costs reimbursement, not to exceed $40,000 (Forty Thousand Dollars), will be allocated to pay

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

2:17-CV-0101
0-JAM-KJN

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

9

attorney's fees to Class Counsel;

d.      Up to $10,500 to the Administrator allocated to cover the costs of claims administration to provide notice to the class and to process and to administer the settlement of class members' claims;

e.      Up to $15,000 (Fifteen Thousand Dollars) will be allocated for enhancement payments to the three Plaintiffs Kim Roush, Sheila Emmerling, and Cindy Henderson, at $5,000 (Five Thousand Dollars) each; and

f.      The remainder (i.e. the Net Settlement Fund) will be allocated to be paid to Verified Settlement Class Members according to the following formula: the Workweek Payment, as defined in **Paragraph 15**, multiplied by number of workweeks worked by the Verified Class Member during the Class Period.[1]

g.      Distribution of the total settlement amount is subject to the further terms and conditions of this Stipulation.

34.      No payment shall be made to eligible Settlement Class Members before the Effective Date. Claims may be processed between the date of preliminary Court approval and the Effective Date. Claims will only be paid after all verified claims have been calculated and all disputes relating to claims have been resolved.

35.      No payment shall be paid to Class Counsel for fees and costs before the Effective Date. Defendants do not object to Class Counsel's application for fees of up to Twenty-Five percent (25%) of the Gross Settlement Amount, which shall be paid solely from the Gross Settlement Amount. Any reduction in the fees or costs shall be distributed to the Verified Settlement Class Members. If Plaintiffs Counsel's attorney's fees, reimbursement of costs, the Enhancement payment to Plaintiffs, and/or the PAGA penalty payment to the LWDA are reduced, the difference between the amounts set forth in this Agreement and the reduced amounts awarded will be reallocated to the Net Settlement Amount.

36.      Phoenix Settlement Administrators is appointed as the Administrator, an officer of the

---

[1] For example, if the Net Settlement Amount is $110,000 and the total number of workweeks worked by all Verified Class Members during the Class Period is 6,000 workweeks, then the Workweek Payment would be $18.33. A Verified Class Member who worked 100 workweeks during the Class Period would be paid a gross total of $1,833 before applicable payroll deductions and witholdings. This example is not a guarantee of the Workweek Payment amount or total number of workweeks, but is provided for solely for illustrative purposes in performing these calculations.

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

10

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

1  Court for the purpose of implementing the terms of this Stipulation. The Administrator shall be subject

2  to judicial immunity to the fullest extent permitted by law.

3  <center>**V.**</center>

4  <center>**PROCEDURES FOR RECEIVING PAYMENT**</center>

5  <center>**UNDER THIS SETTLEMENT AGREEMENT**</center>

6      37.    The Administrator shall determine whether or not a person who has submitted a Claim

7  Form is a Settlement Class Member and shall reject claims by persons who are not Settlement Class

8  Members.

9      38.    After the Bar Date, the Administrator shall determine the Workweek Payment amount

10  by dividing the Net Settlement Fund by the total number of workweeks worked by the total number of

11  Verified Settlement Class Members.

12      39.    Each Verified Class Member will receive total payments equal to the total number of

13  workweeks worked by the Verified Class Member multiplied by the Workweek Payment in two equal

14  installments sent within thirty (30) days following the Effective Date and within thiry (30) days

15  following Defendants' final installment payment in 2020 described in **Paragraph 32** above.

16      40.    Installment payments to each Verified Class Member will be made in two separate

17  checks. One check will be equal to ten percent (10%) of the total payment for unpaid wages, will be

18  subject to standard payroll deductions and withholdings determined using each Verified Class Member's

19  most recently submitted IRS Form W4, and will be reported by the Administrator to taxing authorities

20  using Form W4. The other check will be equal to ninety percent (90%) of the total payment for interest

21  and penalties, will not be subject to any payroll deductions and withholdings, and will be reported by

22  Defendants to taxing authorities on Form 1099. Enhancement payments to Plaintiffs shall be reported

23  on Form 1099 issued by the Administrator.

24      41.    The Administrator shall calculate, withhold, and remit to the applicable government

25  agencies sufficient amounts as may be owed by Defendants. The employer's share of payroll taxes

26  allocated to the wage portion of the individual dettlement payments shall be paid to the Administrator

27  by Defendants separely and apart from the Gross Settlement Amount.

28      42.    The Administrator shall notify the parties of any Opt-Outs.

43.     Payments to Verified Class Members, to the LWDA, for Plaintiffs' enhancement payments, and to Class Counsel as attorney's fees will be paid on a pro rata basis with each of the two installments; provided, however, the Administrator's fee, approved enhancement payments to the three Plaintiffs Kim Roush, Sheila Emmerling, and Cindy Henderson, and approved reimbursement to Class Counsel for costs will be paid in full from the first installment.

## VI.

## GENERAL CLAIM PROCEDURES

44.     To receive payment, an Settlement Class Member shall be required to submit to the Administrator an executed Claim Form by the Bar Date. Each Claim Form shall contain variable merge fields that will be pre-populated by the Settlement Admnistrator before mailing using unique payroll data supplied by Defendants within thirty (30) calendar days after preliminary approval of the settlement by the Court. Settlement Class Members may make corrections to the pre-populated data by noting any corrections on the Claim Forms.

45.     Each Claim form shall also contain a preliminary estimate of the payment to each Settlement Class Member based upon the total number Settlement Class Members divided by the total number of workweeks worked by those Settlement Class Members during the Class Period as reported to the Administrator by Defendants within thirty (30) calendar days after preliminary approval of the settlement by the Court.

46.     The Claim Form shall be submitted by First Class Mail and shall be deemed submitted upon the date of the postmark thereon.

47.     A Settlement Class Member becomes a Verified Class Member and eligible for payment when he or she: i) has not requested to be excluded by the Bar Date (or has requested to be excluded but thereafter submitted a timely rescission of his or her request for exclusion by the Rescission Date); and ii) has submitted a timely Claim Form with the Administrator by the Bar Date.

48.     Verified Class Members will be paid by mail at the address specified on the Claim Form. The three named Plaintiffs shall not be required to submit Claim Forms to receive their payments, which shall be made payable to Plaintiffs and mailed to Class Counsel.

49.     Any Settlement Class Member who fails to timely submit a Claim Form completed in

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

2:17-CV-0101
0-JAM-KJN

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

12

accordance with the instructions contained therein by the Bar Date or any other Court mandated extension, shall be forever barred from receiving any payment pursuant to the settlement. Such Settlement Class Member shall in all other respects be bound by all of the terms of the Stipulation, and the judgment entered herein, including but not limited to the release of all Released Parties of all claims resolved herein.

## VII.

## EXCLUSION FROM THE SETTLEMENT CLASS

50.     Any potential Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion from the class to the Settement Administrator, on or before the Bar Date or as the Court may otherwise direct. Potential Settlement Class Members who request to be excluded may thereafter rescind their request by the Rescision Date. The Parties will inform the Court of any potential Settlement Class Members who submit a request for exclusion and do not thereafter timely rescind their request. The three named Plaintiffs will not request exclusion pursuant to this paragraph.

51.     Any potential Settlement Class Member who does not timely submit a request for exclusion shall conclusively be deemed to have become a Settlement Class Member and to be bound by this Stipulation and by all subsequent proceedings, orders, and judgments herein.

52.     Any Settlement Class Member who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Verified Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

## VIII.

## OBJECTING TO THE PROPOSED SETTLEMENT

53.     Any Settlement Class Member who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed settlement. The Court will enter an appropriate order setting forth the procedure for Settlement Class Member to submit comments or objections to the proposed settlement.

///

///

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

## ATTORNEYS FEES AND COSTS

54.     Subject to the Court's order granting final approval of class action settlement including Class Counsel's application for attorneys' fees and costs, Class Counsel shall receive a total award of $48,300 (Forty-Eight Thousand Three Hundred Dollars) for attorney fees ($40,000), costs and expenses incident to prosecuting this action ($8,300), inclusive of any costs and fees incurred in seeking final approval of this Stipulation and the defense thereof in any court or jurisdiction. Payment will be made as follows:

a.      Twenty-One Thousand Six Hundred Thirty Three Dollars ($21,633) will be paid within thirty (30) days of the Effective Date by check made payable to Rose Law, A Professional Corporation, and delivered to Class Counsel at 11335 Gold Express Drive, Suite 135, Gold River, California, 95670;

b.      Twenty-Six Thousand Six Hundred Sixty Seven Dollars ($26,667) will be paid within thirty (30) days after Defendant's final installment payment in 2020 as described in **Paragraph 32** above.

## X.

## NOTICE

55.     Notice to Settlement Class Members defined in **Paragraph 13**, including a Claim Form with a postage-paid return envelope, shall be by First Class mail, postage prepaid, to all individuals identified by Defendants' employment and payroll records, and/or such other, better addresses identified by the Administrator, as Settlement Class Members. Defendants have searched their employment and payroll records and identified 179 Settlement Class Members, exclusive of Plaintiffs Roush, Emmerling, and Henderson. This paragraph shall not limit further or other reasonable efforts to provide notice.

## XI.

## ADMINISTRATIVE COSTS

56.     All reasonable costs incurred in the administration of this Stipulation including, but not limited to, the fees of the Administrator, costs of disseminating notice to class members by mail or other means agreed to by the Parties, costs of producing notices to be mailed, costs of reviewing and evaluating

JOINT STIPULATION FOR PROPOSED SETTLEMENT, CERTIFICATION AS CLASS ACTION FOR     14
SETTLEMENT PURPOSES ONLY, APPROVAL OF NOTICE TO CLASS, AND APPOINTMENT OF
SETTLEMENT ADMINISTRATOR; [PROPOSED] ORDER

2:17-CV-0101
0-JAM-KJN

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

claims, including the cost of distribution of the monetary payments to the class members, and any additional ancillary administration will be paid up to the total amount of Ten Thousand Five Hundred Dollars ($10,500) allocated for these expenses, according to the Parties' agreement with the Administrator, and paid from Defendants' the initial payment to the Administrator within thirty (30) calendar days after receiving final approval of the settlement from the Court.

**IT IS SO STIPULATED.**

Dated: April 12, 2019     SAGASER, WATKINS & WIELAND, PC

By: _/s/ Ian B. Wieland as auth. on 04/12/2019_
    Ian B. Wieland

Attorneys for Defendants

Dated: April 12, 2019     ROSE LAW, A PROF. CORP.

By: _/s/ Joseph W. Rose_
    Joseph W. Rose

Attorneys for Plaintiff

**IT IS SO ORDERED**

Dated: 4-15-2019     _____
                     U.S. District Court Judge

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

**Exhibit 1**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Roush, et al. v MSI Inventory Services Corporation, et al.*

If you were employed by MSI Inventory Services Corporation as a non-exempt hourly worker in California at any time between May 13, 2013, and [*date of preliminary court approval of the settlement*], **PLEASE READ THIS NOTICE**. A Class Action Settlement may affect your rights and you may be able to get a payment from the Class Action Settlement.

[*FirstName*][*LastName*]
[*Address*]
[*City*], [*State*][*ZIP*]

- Three former employees of MSI Inventory Services Corporation ("MSI") brought legal claims against the company and other affiliated defendants for allegedly unlawful pay practices under California and federal labor laws.

- The parties have reached a proposed Class Action Settlement that will include a total settlement payment by MSI of $168,300 in three installments.

- To qualify for a share of this payment, you must: 1) have worked for MSI in California between May 13, 2013, and [*date of preliminary court approval of the settlement*]; **AND** 2) complete, sign, and return the enclosed claim form to the Settlement Administrator by [*Bar Date*].

- You will **NOT** automatically receive any share of the Class Action Settlement payment **UNLESS** you complete, sign, and return the enclosed claim form to the Settlement Administrator within sixty (60) calendar days of the postmark date of this Notice.

- Your legal rights are affected whether you act or do not act, unless you exclude yourself from the Class Action Settlement as described below. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT YOUR CLAIM FORM IN TIME → | **Stay in the class. Submit your claim form in time. Receive your settlement payment. Give up certain rights.**<br><br>By staying in the class and submitting your claim form by the deadline, you will receive a share of the settlement proceeds if the settlement is finally approved by the Court. In exchange, you will be bound by the settlement, including the release of claims. |
| ASK TO BE EXCLUDED → | **Get out of the class. Get no payment from the settlement. Keep rights.**<br><br>If you ask to be excluded from (or "opt out" of) the Settlement Class you will not be bound by the Class Action Settlement (including the Release of Claims) but you will receive no share of the settlement proceeds. |
| OBJECT → | **Challenge the Settlement Terms.**<br><br>You may also object and tell the Court why you don't like the settlement or don't want it to be approved. If the Court approves the settlement anyway, you will still be bound by the settlement. If you request exclusion from the settlement, you cannot also object to it. |
| SUBMIT NO CLAIM FORM IN TIME AND DO NOTHING → | **Submit no claim form in time. Do nothing. Get no payment from the settlement. Give up certain rights.**<br><br>If you do not ask to be excluded from (or "opt out" of) the Settlement Class and you do not submit your claim form before the deadline you will nevertheless be bound by the settlement (including the Release of Claims) but you will receive no share of the settlement proceeds. |

**These rights and options and the deadlines to exercise them are explained in this Notice below.**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Roush, et al. v MSI Inventory Services Corporation, et al.*

### 1. Why did I get this Notice?

The Court granted preliminary approval of "Settlement Class Members" defined as follows:

> All non-exempt hourly workers employed by Defendants in California at any time from May 13, 2013 through preliminary approval of the Settlement. Settlement Class Members will not include any person who previously settled or released all of the claims covered by this Settlement.

MSI employment records reflect that you meet this definition, which makes you a Settlement Class Member (referred to in this Notice as a "Class Member"). The Court directed that this Notice be sent to all Class Members to inform you about a proposed settlement of a class action lawsuit (the "Settlement"), and about your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, payments will be made to Class Members who have returned their claim form to the Settlement Administrator before the deadline and have not opted out of this Settlement ("Verified Class Members").

This Notice and the enclosed claim form explain the Case, the Class Action Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What is this lawsuit about?

In this lawsuit, former MSI employees Kim Roush, Sheila Emmerling, and Cindy Henderson ("Plaintiffs") sued MSI, I-Fran, Inc., James O. McClain, and Sandra B. McClain ("Defendants") in federal court. The lawsuit, called *Roush, et al. v. MSI, et al.* is before the United States District Court for the Eastern District of California (Case No. 2:17-CV-01010-JAM-KJN (the "Case"). Plaintiffs claim Defendants failed to pay them and the other Class Members for compensable travel time and other work time, failed to provide accurate itemized wage statements, failed to timely pay earned wages when due upon termination of employment, and violated California's Unfair Competition Law ("UCL"). Plaintiffs sought recovery of unpaid minimum and overtime wages, liquidated damages, interest, penalties, attorneys' fees and costs. Plaintiffs sued under the Labor Code Private Attorneys General Act ("PAGA"). Plaintiffs allege violations occurred between May 13, 2013, and *[date of preliminary court approval of the settlement]* (the "Class Period").

MSI vigorously denies all the claims and contentions made in the lawsuit and maintains it has fully complied with the law but has agreed to settle this case to avoid the expense of litigation.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Kim Roush, Sheila Emmerling, and Cindy Henderson) sue on behalf of other people whom they think have similar claims. These people together are a "Class" or "Class Members." The employees who sue, and who represent the class, are also called the Plaintiffs. The entities or persons the Plaintiffs sue (in this case MSI, I-Fran, Inc., James O. McClain, and Sandra B. McClain) are called the Defendants. One court resolves the legal dispute for everyone in the Class, except for those people who choose to exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or the Defendants (collectively, the "Parties"). Instead, both sides agreed to a Settlement. A neutral mediator with expertise in this kind of Case helped the Parties reach this Settlement. This allows the Parties to avoid the costs and risks of a trial, and the people affected will be entitled to compensation. The Class Representative and the attorneys think the Settlement is best for the Class Members.

### 5. How do I know whether I am eligible for a settlement payment?

You received this Notice because MSI records show you are a Class Member. If it is approved, the Settlement will cover all Class Members who submit a claim form to the Settlement Administrator and have not excluded themselves from the Case (known as "Verified Class Members"). If you become a Verified Class Member by submitting your claim form to the Settlement Administrator by the deadline then you will receive money according to the court-approved Settlement.

A court authorized this Notice. This is not a solicitation from a lawyer.
**Questions? Contact the Settlement Administrator toll-free at (800) 523-5773**

<table><tr><td>**6. What are the settlement terms and how much can I expect to receive if I participate?**</td></tr></table>

#### a. Overall summary of the settlement terms

MSI will pay a total of $168,300 to settle this case (the "Settlement Amount"). From that amount, payments will be made to Class Counsel for attorney's fees (up to $40,000, or 25% of the Settlement Amount after reimbursement for litigation costs) and costs actually incurred in litigating this case ($8,300), to the Settlement Administrator for administration costs (up to $10,500), to the Plaintiffs for their representation of the Class (up to $5,000 each for a total of $15,000), and $7,500 to the California Labor and Workforce Development Agency for enforcement of labor laws education of employers and employees about their rights and responsibilities under state labor laws, and other administrative purposes. The amounts of these various payments are all subject to final Court approval. The remainder of the Settlement Amount, $87,000, will be distributed to Verified Settlement Class Members ("Net Settlement Fund"). No amount of the Settlement Amount paid will go back to the defendants. Payments by Defendants will be made in three installments: 1) $68,300.00 within 30 days after the court finally approves the Settlement; 2) $50,000 no later than 9 months after the first payment; 3) $50,000 no later than 9 months after the second payment.

#### b. Calculation of individual Class Member payments

Your share of the Net Settlement Fund will be calculated by: 1) dividing the Net Settlement Fund by the total number of workweeks worked by all Verified Settlement Class Members during the Class Period to determine a dollar amount per workweek ("Workweek Payment"); then b) multiplying the total number of workweeks worked by each Verified Class Member during the Class Period by the Workweek Payment.

*For example: If the Net Settlement Fund is $87,000 and the total number of workweeks worked by all Verified Settlement Class Members during the Class Period is 6,000 workweeks, then the Workweek Payment would be $14.50. A Verified Settlement Class Member who worked 100 workweeks during the Class Period would receive $1,450.*

Any Class Members who do not submit timely and valid requests to be excluded from the Settlement and do not submit a claim form by the deadline will not receive their Settlement share.

#### c. How much can I expect to receive?

Based on preliminary estimates, the net amount of the settlement payment you would receive would be approximately $[*Estimate*]. This estimate is based on a review of MSI payroll records, which reflect that you worked [*Pay Periods*] pay periods during the Class Period. Your estimated share of the Net Settlement Fund may increase or decrease depending on factors such as, but not limited to, the outcome of any challenge by Class Members and the total number of Verified Settlement Class Members who participate in the Settlement.

If you wish to dispute the of the number of pay periods noted in the prior paragraph, you must notify the Settlement Administrator in writing by mail, by [*Bar Date*]. Please provide any proof you may have that you worked a different number of pay periods during the Class Period.

#### d. Applicable tax withholdings and responsibility for taxes

The Settlement Agreement also allocates how payments made to you under this Settlement should be treated for tax purposes. Payments to Verified Settlement Class Members are allocated for tax purposes as follows: For amounts received as a Verified Settlement Class Member, 10% shall be deemed wages and 90% shall be deemed interest and penalties. Verified Settlement Class Members will be responsible for the tax consequences of all payments they receive, for filing returns and reporting all income received to state and federal taxing authorities, and for payment of any other applicable taxes due. The Parties cannot and will not provide any advice regarding your tax obligations. You may want to seek tax advice about amounts you might be eligible to receive under the Settlement from your own tax advisor.

#### e. Attorney's fees and costs for the Class Counsel

The Court has preliminarily approved the following law firm as Class Counsel:

Rose Law, A Professional Corporation
Joseph W. Rose, Esq.
11335 Gold Express Drive, Suite 135
Gold River, CA 95670
(916) 273-1260
legalteam@joeroselaw.com

You do not need to pay any portion of Class Counsel's attorneys' fees or costs yourself. All payments for those attorneys' fees and costs will be paid from the Settlement Amount. Class Counsel will seek reimbursement of the costs they actually incurred in litigating this case, up to a maximum of $8,300. Class Counsel also will request that the Court award attorneys' fees of up to 25% of the total amount MSI will pay to settle this lawsuit after subtracting costs, or up to $40,000. Any amounts not approved by the Court will be added to the Net Settlement Fund and will be distributed to Verified Settlement Class Members who do not exclude themselves.

### f. Settlement administration costs

The reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses, up to $10,500 will be paid out of the Settlement Amount.

### g. Class Representatives award

The Class Representative will apply to the Court for a class representative enhancement of $5,000.00 each (for a total of $15,000). This award is intended to compensate the three Class Representatives for their risk incurred and time and efforts invested to advance the prosecution of this lawsuit on behalf of you and other Class Members.

## 7. What are my options?

a. **Submit your claim form in time.** If you want to participate in the Settlement, you do not have to do anything, You will receive your Settlement award automatically if the Settlement is approved by the Court.

b. **You may exclude yourself from the Settlement.** You, or any Class Member (other than the Plaintiffs), can request exclusion from the Settlement. If you exclude yourself, you will not receive any payment from the Settlement, you will not be subject to the terms of the Settlement Agreement, and you will retain whatever rights and claims you may currently have. You may exclude yourself from the Settlement by mailing a written statement containing (1) your name, (2) your address, and (3) a statement that you desire to be excluded from the Settlement to the Settlement Administrator, whose name and address is listed below.

   **Note:** Your request for exclusion must be postmarked by [*Bar Date*]. You may also rescind your request to be excluded from the Settlement up to fifteen (15) calendar days prior to [*Bar Date*]. The rescission of your request must be submitted in a written statement to the Settlement Administrator.

c. **You may comment on or object to the Settlement.** You may comment on or object to any term of the Settlement before final approval, by mailing a written comment or objection to the Settlement Administrator postmarked by not later than [*deadline*]. The objection must contain the (1) your name, (2) your address, and (3) the grounds for the objection. If the Court rejects your objection, however, you will still be bound by the terms of the Settlement, provided that you also timely submit a claim form to the Settlement Administrator.

   You also cannot both exclude yourself and object to the Settlement. For you to object to this Settlement Agreement, or any term of it, you may not submit a request for exclusion.

d. **Submit no claim form and do nothing.** If you do not ask to be excluded from (or "opt out" of) the Settlement Class and you do not submit your claim form before the deadline you will nevertheless be bound by the settlement (including the Release of Claims) but you will receive no share of the settlement proceeds. Because you will be bound by the terms of the Settlement but receive no payment, this option is not recommended.

## 8. Release of Claims – What will I give up if I participate in the settlement?

Verified Class Members who participate in the Settlement, and other Class Members who do not timely submit a claim Form and do not exclude themselves from the Settlement (the "Releasors"), will fully and finally release Defendants and their affiliates and their respective officers, directors, employees, agents and attorneys ("Released Parties") for any acts that are either alleged in the Complaint or could have been alleged in the Complaint based on the facts set forth in the Complaint, including, without limitation, any claims for damages, owed reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive relief, declaratory relief; charge backs, or liquidated damages during the Class Period and all claims, debts, rights, demands, charges, complaints, actions, causes of action, guarantees, costs, expenses, attorneys' fees, damages, obligations or liabilities of any and every kind, contingent or accrued, arising out of or related to the allegations asserted in the Action, through and including the Preliminary Approval Date, including but not limited to claims under the California Labor Code, the Fair Labor Standards

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Roush, et al. v MSI Inventory Services Corporation, et al.*

Act, and their respective implementing regulations (the "Released Claims"). The Released Claims include claims that the Releasors do not know or suspect to exist in their favor, which if known by the Releasors must have materially affected the Releasors' settlement with the Defendants; thus, **waiving** the protections of California Civil Code section 1542, which provides:

> *A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party.*

Any Class Member who does not request exclusion by the applicable deadline will be considered to have accepted the release and to have waived any and all the Released Claims against the Released Parties, regardless of whether the Class Member has submitted a claim form by the deadline.

### 9.  Will I be subject to discipline based on whether I participate in the settlement?

No. Defendants approve of the Settlement and will not retaliate any way against any Class Member for participating in the Settlement. Your decision to participate, not participate, or object to this Settlement will not affect your employment with Defendants or Defendants' treatment of you as a current or former employee.

### 10.  Where can I get additional information?

This Notice only summarizes this lawsuit, the Settlement, and related matters. For more information, please contact the following court appointed neutral third-party Settlement Administrator:

**Roush v. MSI**
1411 N. Batavia St., Suite 105
Orange, CA 92867
Toll free telephone number: (800) 523-5773

The pleadings and other records in this litigation, including the Settlement Agreement, may be obtained by contacting the Settlement Administrator.

PLEASE DO NOT TELEPHONE THE COURT OR MSI'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT. They will not be able to provide information or assist you.

---

### CLASS ACTION SETTLEMENT CLAIM FORM
Detach and submit to the Settlement Administrator by [*Deadline*] to Participate in the Settlement

[*FirstName*][*LastName*]
[*Address*]
[*City*], [*State*][*ZIP*]

| *Write any address corrections here:* |
| --- |
|  |

Note corrections below

Date of Hire:                                                [*DateOfHire*]            _____
Date of Separation:                                    [*DateOfSeparation*]    _____
No. of Pay Periods Worked During Class Period:    [*PayPeriodsWorked*]    _____

By signing below and returning this Class Action Settlement Claim Form by the deadline, I confirm I wish to participate in the Settlement and receive my share of the Net Settlement Fund. I understand that by signing and returning this Class Action Settlement Claim Form, I will be bound by the Settlement and the Release of Claims. I understand I cannot both exclude myself from this Settlement and submit this Claim Form.

_____          _____
Signature                                                              Date Signed

**Promptly mail this signed and dated claim form to by [deadline]:**
**Roush v. MSI, Phoenix Class Action Administrators, 1411 N. Batavia St., Ste. 105, Orange, CA 92867**

A court authorized this Notice. This is not a solicitation from a lawyer.
**Questions? Contact the Settlement Administrator toll-free at (800) 523-5773**