Joseph W. Rose, State Bar No. 232261
Mehran Tahoori, State Bar No. 283313
ROSE LAW, APC
11335 Gold Express Drive, Suite 135
Gold River, California 95670
Telephone:  (916) 273-1260
Facsimile:  (916) 290-0148
Email:  legalteam@joeroselaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ROUSH, SHEILA EMMERLING, and CINDY HENDERSON, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MSI INVENTORY SERVICE CORPORATION, I-FRAN, INC., JAMES O. MCCLAIN, SANDRA B. MCCLAIN, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:17-CV-01010-JAM-KJN<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ENTRY OF JUDGMENT<br><br>Hearing Date:  Tue., July 14, 2020<br>Hearing Time:  1:30 p.m.<br>Judge:  Hon. John A. Mendez |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Entry of Judgment ("Motion"). ECF No. 29. This matter was scheduled for hearing on July 14, 2020, at 1:30 p.m. in Courtroom 6 of this Court. [On the Court's own motion and pursuant to Local Rule 230(g), the July 14, 2020 hearing on the Unopposed Motion for Final Approval of Class Settlement and Entry of Judgment was vacated and submitted without appearance and argument.]

The Court, having fully and carefully reviewed, considered, and analyzed the unopposed Motion, the supporting Memorandum of Points and Authorities (ECF No. 29), the supporting Declaration of Joseph W. Rose with exhibit A thereto (ECF No. 29-1), the supporting Declaration of Elizabeth Kruckenberg (ECF No. 29-2), the Joint Stipulation for Proposed Settlement, Certification as Class

Action for Settlement Purposes Only, Approval of Notice to Class, and Appointment of Settlement Administrator dated April 2019 (ECF No. 27), and the Notice Packet attached thereto as Exhibit 1, and in recognition of the Court's duty to determine the reasonableness, good faith, and adequacy of the parties' stipulated class settlement, and to ensure proper notice to all Class Members in accordance with due process requirements, THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

1. On April 15, 2019, the Court, by the Honorable John A. Mendez, granted the parties' Joint Stipulation for Proposed Settlement, Certification as Class Action for Settlement Purposes Only, Approval of Notice to Class, and Appointment of Settlement Administrator (ECF No. 28; the "Stipulation"), finding preliminarily that the Settlement Class met requirements for certification under Fed. R. Civ. P. § 23 and for collective action treatment under 29 U.S.C. § 216(b). The law firm of Rose Law, APC was appointed Class Counsel, and Plaintiffs KIM ROUSH, SHEILA EMMERLING, and CINDY HENDERSON ("Plaintiffs") were appointed as the Class Representatives for the proposed class to be certified for settlement purposes. Phoenix Class Action Administration Solutions of Orange, California, was appointed as class administrator. The Court ordered notices be sent to Settlement Class Members.

2. The Court now finds the Stipulation (ECF No. 28), incorporated herein by this reference in full, and made a part of this Order, is approved.

3. Further, the Court finds: a) the $168,300.00 Gross Settlement Fund and proportional settlement amounts are fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues and potential appeals; b) significant investigation, research, discovery and motion practice have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by further prosecution of the litigation; and d) the proposed settlement has been reached as the result of intensive, serious and non-collusive negotiations between the parties facilitated by two experienced class action wage and hour mediations in two separate mediations.

4. Accordingly, good cause appearing, Plaintiffs' unopposed Motion for Final Approval of the Class Settlement and Entry of Judgment is GRANTED.

5. Solely for settlement purposes, the Court certifies the Settlement Class as a collective action pursuant to 29 U.S.C. § 216(b) and as a Rule 23 settlement class. The Settlement Class is defined as the one-hundred eighty-five (185) non-exempt hourly workers employed by Defendants in California at any time during the Class Period, as specified in the parties' Stipulation. ECF No. 28.

6. "Verified Settlement Class Member" means a class member who: (i) has not requested to be excluded by the Bar Date (or who requested to be excluded but thereafter submitted a timely rescission of the request for exclusion by the Rescission Date); and ii) has submitted a timely Claim Form with the Administrator by the Bar Date. The class administrator has informed the Court there are seventy-nine (79) Verified Settlement Class Members. Decl. Kruckenberg, ¶ 11. ECF No. 29-2.

7. The Court further finds that the Notice Packet, attached as Exhibit 1 to the Stipulation (ECF No. 28), fairly and adequately advised Settlement Class Members of a) the pendency of the Class Action Settlement; b) the certification of the Settlement Class; c) preliminary Court approval of the proposed Settlement; d) the terms of the proposed Settlement and the benefits available to Settlement Class Members under the Settlement; e) their right to receive their proportionate share of the Net Settlement Fund by returning their claim form; f) their right to request exclusion and the procedures and deadline for doing so; g) their right to object to the Settlement, and the procedure and deadline for doing so; h) their right to file documentation in support of or in opposition to the Settlement. The Court further finds that the Notice comports with all constitutional requirements, including those of due process.

8. The Court further finds that the mailing to the last known address of all Settlement Class Members, with measures taken for verification of addresses and skip tracing of bad addresses, as specifically described within the parties' Stipulation (ECF No. 28), Plaintiffs' Motion (ECF No. 29), and the Declaration of Elizabeth Kruckenberg (ECF No. 29-2), constitutes an effective method of notifying Settlement Class Members of their rights with respect to the Class Action and Settlement.

9. Accordingly, it is hereby ORDERED that:

    a. The law firm of Rose Law, APC is confirmed as Class Counsel;

    b. Phoenix Class Action Administration Solutions of Orange, California, is confirmed as class administrator, and shall receive payment from the Settlement Fund for services of Ten Thousand Five Hundred Dollars and No Cents ($10,500.00);

  c. Plaintiffs KIM ROUSH, SHEILA EMMERLING, and CINDY HENDERSON are confirmed as Class representatives, each of whom shall receive Class Representative Enhancement Awards payments from the Net Settlement Fund of Five Thousand Dollars and No Cents ($5,000.00), for a total of Fifteen Thousand Dollars and No Cents ($15,000.00), in addition to their individual proportional share of the Net Settlement Fund as Verified Settlement Class Members;

  d. Proportional payments to named Plaintiffs and Verified Settlement Class Member from the Net Settlement Fund shall be as set forth in Section IV beginning on page 9 of the parties' Stipulation, ECF No. 28;

  e. The California Labor and Workforce Development Agency ("LWDA") shall receive payment from the Settlement Fund of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00), constituting seventy-five percent (75%) of a Ten Thousand Dollars and No Cents ($10,000.00) allocation for civil penalties under the Labor Code Private Attorneys' General Act;

  f. Class Counsel Rose Law, APC's application for attorney's fees of Forty Thousand Dollars and No Cents ($40,000.00) in representation of Plaintiffs and Settlement Class Members is reasonable and approved, and shall be paid from the Settlement Fund; and

  g. Class Counsel Rose Law, APC's application for advanced costs reimbursement of Eight Thousand Three Hundred Dollars and No Cents ($8,300.00) in representation of Plaintiffs and Settlement Class Members is reasonable and approved and shall be paid from the Settlement Fund.

  h. The Gross Settlement Amount shall be paid by Defendants as follows: i) Defendants shall make the initial payment to the Class Administrator of Sixty-Eight Thousand Three Hundred Dollars and No Cents ($68,300.00) of the Gross Settlement Amount within thirty (30) calendar days following entry of this Order; ii) Defendants shall make the second payment of Fifty Thousand Dollars and No Cents ($50,000.00) no later than nine (9) months after the first payment has been made; and iii) Defendants shall make the third and final payment Fifty Thousand Dollars and No Cents ($50,000.00) no later than nine (9) months after the second

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ENTRY OF JUDGMENT 4

payment has been made.

IT IS SO ORDERED.

Dated: July 13, 2020

*JOHN A. MENDEZ, JUDGE*
UNITED STATES DISTRICT COURT

*Approved as to form:*

Dated: July 7, 2020           SAGASER, WATLKINS & WIELAND, PC


By:*/s/ Ian B. Wieland (as auth. on 7/7/2020)*
     Ian B. Wieland

Attorneys for Defendants


Dated: July 7, 2020           ROSE LAW, A PROF. CORP.


By:  */s/ Joseph W. Rose*
      Joseph W. Rose

Attorneys for Plaintiffs and the Settlement Class